STITT and others *vs.* CASS and others.

To justify the making of a separate compromise by an individual member of a copartnership, with a creditor of the firm, under the act of 1838 authorizing such compromises to be made whenever any copartnership firm shall be dissolved by mutual consent or otherwise, all that is necessary is a dissolution as between the copartners themselves.   That is, if by any act of the copartners the legal authority of the different members of the copartnership, to bind the firm, has ceased, there is a dissolution, within the meaning of the statute.

The fact that the consideration paid by one of several partners upon a compromise made by him, for his release from a debt owing by the firm, was taken out of the copartnership funds which he had in his hands, will not make such release enure to the benefit of the other members of the firm, or deprive the creditor of the protection of the statute.

IN EQUITY.   This was a creditor's suit.   The bill set forth the recovery of a judgment in the New-York common pleas, in March, 1847, for $9727,45 in favor of the plaintiffs in this suit, against the defendants Cass, Ward & Conover, as joint debtors, upon service of process on Cass & Conover.   A fi. fa. was issued on that judgment on the 15th of April, 1847, with an endorsement thereon directing the sheriff to levy $7789,47 on the joint property of the defendants and on the property of Cass & Conover only.   The fi. fa. was returned on the 15th of June, 1847, *nulla bona.*   Previous to the recovery of the judgment the copartnership was dissolved.   The defendant Ward made a separate compromise with the agent of the plaintiffs, paying to him the sum of $1937,89, and taking from him a note or memorandum exonerating him, from individual liability under the act for the relief of partners and joint debtors, (*Laws of* 1838, *p.* 243,) and the amendatory act, (*Laws of* 1845, *p.* 410.) The plaintiffs, in their bill, claimed that $7879,47 was still due to them upon their judgment, besides interest, but professed a willingness to adopt and recognize the compromise, provided the same should not have the effect to discharge Cass & Conover. The bill contained the usual charges of a creditor's bill, and also alleged that an assignment made by Cass & Conover to

the defendant Naylor, on the 3d of March, 1847, was fraudulent and void, and prayed that such assignment might be declared void as against the plaintiffs. The answer of Cass & Conover admitted the recovery of the judgment, the issuing and return of the execution, and insisted that the paper executed by the agent of the plaintiffs, on the making of the compromise with Ward, ought to be deemed a general release of all the copartners. It also alleged that the money paid by Ward on that occasion was a part of certain moneys belonging to the firm, which had been unjustly retained by Ward, and applied to his individual purposes, without the consent and against the will, of his copartners.

*C. B. Moore,* for the plaintiffs.

*Mr. Johnson,* for the defendants.

EDWARDS, J. There is no valid objection to the defence set up, on the mere ground that it was not made in the suit at law. It is admitted by the complainants that at the time when the *cognovit* was given, upon which the judgment at law was entered up, the defendants were ignorant of the compromise which had been made with Ward, and that the complainants did not inform them of it, although aware of their ignorance.

With the views which I have taken of this case I do not think it necessary to examine the preliminary question whether Mead was authorized by the complainant to execute the release, which was given to Ward. For the purposes of this suit I shall assume that he had such authority.

The release, after reciting that Ward had compromised his individual liability to the complainants on account of the copartnership debt of the firm of Cass, Ward & Conover, discharges him from all such liability; and, in terms, states that such compromise was made in pursuance of the "act for the relief of partners and joint debtors," passed April 18, 1838, and of the amended act of May 14, 1845. (*Laws of* 1838, *p.* 244.)

There are two questions to be considered. 1. Whether the

copartnership had been dissolved, within the meaning of the statute, at the time when the release was given. 2. Whether the consideration for the release, was of such a character as to deprive the complainants of the protection which they claim by virtue of the statute.

The statute authorizes a separate compromise by an individual member with a creditor of the firm " whenever any copartnership firm shall be dissolved, by mutual consent or otherwise." (*Laws of* 1838, *p.* 243, § 1.) What constitutes a dissolution, is not defined, except in the case of mutual consent. It was contended on the part of the defendants, that the dissolution contemplated by the statute is something more than a mere termination of the partnership relations as to future transactions, and that the statute contemplates a severance of the joint interests of the partners in the partnership effects. This is clearly an erroneous construction : for the act, by its terms, authorizes a separate compromise in case of a dissolution by mutual consent, without requiring any severance. All that the statute requires is a dissolution as between the copartners themselves. That is, if by any act of the copartners the legal authority of the different members of the copartnership to bind the firm has ceased, there is a dissolution within the meaning of the statute.

Applying this rule to the admitted facts in the case, I think that there can be no doubt that the firm of Cass, Ward & Conover was dissolved at the time when the compromise was made with Ward. Before that time Ward had written to his copartners that he intended to withdraw from the firm ; the other partners had executed an assignment of the partnership property ; and Ward had published a formal notice of the dissolution of the copartnership.

But it was contended that the complainants were not entitled to the protection of the statute, and that the release to Ward should enure to the benefit of the whole firm, because the consideration given by Ward upon the compromise was taken out of the copartnership funds which he had in his hands, and that the attorney in fact of the complainants, with whom the compromise was made, had reason to believe that such was the fact.

It may be true that if one partner could thus be permitted to discharge himself he would obtain an advantage over his co-partners. But I-do not think that I should be warranted by such a consideration, in depriving the *complainants* of the protection which the statute expressly gives against a technical and rigorous rule of the common law. Besides, the advantage which the defendant Ward will gain in this case will be but temporary; for he still will remain liable to the other partners, for his ratable share of the copartnership debt. (*Laws of* 1838, *p.* 244, § 4.)

The complainants must have the decree prayed for in the bill; the defendants to be credited to the amount paid by Ward in his compromise with the complainants.

